## AFFIDAVIT

State of Louisiana
Parish of Orleans

BEFORE ME, the undersigned authority, personally came and appeared:

PATRICK MCCARDELL

who after being duly sworn, did depose and state as follows.

That he has personal knowledge of the facts and allegations contained herein.

He filed suit in the Civil District Court for the Parish of Orleans against Regent Private Capital, LLC, and asserts as its sole cause of action, a request for Declaratory Judgment to interpret a written contract between the parties. Defendant filed to remove the case from state court, and now has filed the instant motion seeking dismissal – alleging lack of Subject Matter and/or *In Personam* Jurisdiction, or alternatively for improper venue.

In the spring and summer of 2010, McCardell entered into negotiations and proceeded to closing for an act of credit sale whereby McCardell was selling an airship (a "blimp"), i.e. N601SK, to Aria International Incorporated for $3,000,000.00. The terms called for payment of $100,000.00 cash at the time of closing, and an installment of $500,000.00 on or before September 10, 2010, and another installment of $500,000.00 upon physical delivery, and a final installment of $1,900,000.00 upon test flight and certification that the ship was airworthy. Airships are *suis generis*. The build up for flight, the storage, the transport to a new location, the maintenance and operation of airships – are not intuitive to a lay person, and are hyper technical and expensive. They also are in relatively short supply, and the market for purchase or sale of new or used airships is unique to the special circumstances of the industry and airship operators at any given moment. The contemplated contract

1

is in no way analogous to an ordinary and conventional purchase and sale, such as with a car, house, etc.

Considering the foregoing, McCardell at all material times insisted upon a suitable surety to provide an iron clad guarantee of performance of any and all of Aria's obligations, including payments and proper logistical obligations relative to the airship. Defendant, Regent, was offered as a suitable surety. McCardell's due diligence confirmed Regent's financial suitability for this role, and based specifically upon Regent's agreement to sign the "Guaranty of Performance of Contract" which forms the basis for this litigation, McCardell agreed to take the airship out of commerce (forgoing any and all other business opportunities for the airship), and proceeded to closing with the sale to Aria. The performance guarantee which was signed by Regent, was drafted by mutual effort of the parties and was edited and revised multiple times based upon the input of all parties. Accordingly, the language must be strictly construed. But for the precise and express wording of the written contract, McCardell would not have agreed to enter into the contract to sell the airship.

After the initial payment of $100,000.00 was made, Aria first and then Regent completely defaulted on all obligations of the contract of credit sale and of the performance guarantee. McCardell has filed suit which solely seeks declaratory judgment relative to proper interpretation of the rights, duties and obligations of the parties to the performance guarantee contract. His suit does **not** seek enforcement of the contract, specific performance, or the award of any damages.

Plaintiff strenuously objects to defendant's proffered arguments, opinions and conclusions alleging that plaintiff agreed to a total and blanket mandate for arbitration for any and all issues or claims and under any and all circumstances. McCardell understands the meaning of the relevant terms of the contract as follows.

Sequentially numbered Paragraph 9 is strictly interpreted to mean that mediation is required only before a suit can be filed in the state of New York. It is not a forum selection clause and it does not state that any suit must be filed in New York. It also contains a tacit acknowledgment that suits may be filed, even before mediation (in states other than New York), as it provides that if a party does choose to proceed to file a suit prior to mediation, they will not be able to recover attorneys fees and costs as the prevailing party. Moreover, Paragraph 9 only requires mediation prior to filing suits in the state of New York for "disputes regarding the enforcement" of the contract, and not for suits seeking declaratory judgment to interpret the contract. In addition, there is no prescribed or proscribed location for mediation.

Sequentially numbered Paragraph 10 is strictly construed to mean that arbitration is only applicable after mediation for "enforcement" of the contract. There is no provision to prevent a declaratory judgment action being filed to "interpret" the contract prior to mediation and/or arbitration to "enforce" the contract.

Sequentially numbered Paragraph 12 is strictly construed to mean that New York law governs the contract. There is no provision for forum selection, either for jurisdiction or venue.

Sequentially numbered Paragraph 15 employs the phrase "judicially authorized fact finder," which clearly is broad enough to cover/permit either a conventional district judge, a court appointed special master, a mediator or an arbitrator.

Sequentially numbered Paragraph 16 explicitly contemplates a "civil action" to "interpret any of the terms of this Agreement," and provides for attorneys fees to the prevailing party in such a suit (e.g. as in the captioned matter).

Plaintiff is a private citizen in New Orleans, Louisiana and he was negotiating: the contract of

Sale with Aria, a publically traded Nevada company originally based in Virginia but later relocated to Arizona; and the performance guarantee with Regent, a private venture capital firm located in Oklahoma. Plaintiff has had a long term relationship with Richard H. Barker, IV for the provision of convenient and economical legal services in Louisiana. Plaintiff had strong motivation to avoid the potential to have to retain inconvenient and expensive foreign counsel in the event of a dispute. Plaintiff did not want to agree to give up his right to have an actual district court judge interpret his contract. Once any contractual interpretation might be resolved by an actual judge, plaintiff had not such reservations about recommendations for enforcement by a non-binding mediator, or even binding arbitration which merely could enforce the contractual rights duties and obligations as interpreted previously by a judge.

It was McCardell's understanding of the contract that:

1) Arbitration is not always required in every instance; and

2) Even when arbitration is required, it is required only for "enforcement" of the contract and not for "interpretation" of the contract.

The contract expressly provided for performance in the state of Louisiana. Regent agreed to the obligation to make payments to McCardell at his home address of 1421 Chartres St., in New Orleans, Louisiana. Thus, McCardell's cause of action for non-payment arises in New Orleans, the situs wherein the payments were due to be delivered.

Lawrence Field, the authorized manager for Regent executed numerous original documents which were sent to him from Barker's office in Louisiana, and Field then executed each of these and delivered these documents to Barker in Louisiana. Moreover, Field also delivered numerous payments to McCardell and to Barker on behalf of Regent to Barker's office at 228 St. Charles Ave.,

4

in New Orleans, Louisiana. One of these payments on behalf of Regent was via a personal Check drawn on Field's personal checking account made payable to McCardell, and said check "bounced" due to insufficient funds. Despite having "Dunned" Field on the check, it was not honored timely and suit was required to be filed against Field on said NSF check in Civil District Court for Orleans Parish, State of Louisiana.

Upon information and belief, Regent and its managing director, Field, have engaged in a continuous and systematic course of conduct resulting in sufficient minimum contacts

The contract in suit definitely did **not** have a forum selection clause, and it was silent in this regard. McCardell definitely would not have consented to a forum selection clause to require a New York forum had one been proffered. New Orleans, Louisiana was the location of the required performance of the object of the contract, and of where events or omissions giving rise to the claim occurred .

Further Affiant Sayeth not

_____
PATRICK MCCARDELL

Sworn to and Subscribed Before Me
This 24 day of July 2012
_____
RICHARD HOBBS BARKER, IV.
LA BAR ROLL #16798

My Commission Expires: <u>at death</u>

5