```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

PATRICK MCCARDELL                         CIVIL ACTION

VERSUS                                    NO: 12-1136

REGENT PRIVATE CAPITAL, LLC               SECTION: "A" (3)
```

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed by defendant Regent Private Capital, LLC.  Plaintiff Patrick McCardle opposes the motion.  The motion, scheduled for submission on August 1, 2012, is before the Court on the briefs without oral argument.

Plaintiff is suing Defendant for declaratory relief pursuant to a guarantee that Defendant executed to secure the performance of Aria International, Inc. in connection with the purchase of an airship.  Aria is alleged to have defaulted on the agreement.  Plaintiff seeks a declaratory ruling that Defendant is obligated to make all payments regardless of whether the airship has been returned to Plaintiff.  (Rec. Doc. 1-1, ¶¶ V, VI).

Via the instant motion Defendant moves the Court to dismiss the complaint arguing that 1) the parties are compelled to mediate and if necessary arbitrate their respective claims, 2) Defendant is not subject to personal jurisdiction in this forum, and 3) venue is not proper in the Eastern District of Louisiana.

1

Whether the parties agreed to arbitrate a certain matter is governed by ordinary principles of contract law. Raniere v. Citigroup, Inc., 827 F. supp. 2d 294, 205 (S.D.N.Y. 2011) (citing Ross v. Am. Express Co., 478 F.3d 96, 99 (2nd Cir. 2007)). The guaranty between Plaintiff and Defendant is governed by New York law. (Rec. Doc. 3-1, Exh. 1 ¶ 12). Under New York law arbitration will not be compelled absent the parties' "clear, explicit and unequivocal agreement to arbitrate." Raniere, 827 F. Supp 2d at 305 (quoting Manigault v. Macy's East, LLC, 318 Fed. Appx. 6, 7-8 (2nd Cir. 2009)). Where there was no "meeting of the minds," an arbitration provision cannot be enforced. Id. (quoting Dreyfuss v. Etelecare Global Solutions-U.S., Inc., 349 Fed. Appx. 551, 553 (2nd Cir. 2009)).

The Court is persuaded that Plaintiff's complaint is subject to the arbitration clause at ¶ 10 of the Guaranty.[1] The Guaranty does make references to the filing of a civil action in paragraphs 9 and 16 but those references do not impugn the clear language of the arbitration clause. Contracts subject to arbitration often contain language that govern the filing of a civil suit in the event that it becomes necessary for whatever

---

[1] "Arbitration. The parties further stipulate that if mediation is unsuccessful they will submit any disputes regarding this contract to a mutually agreeable arbitrator in New York under JAMS (Judicial Arbitration and Mediation Services) rules of binding arbitration and all administrative fees will be borne by each party equally." (Rec. Doc. 3-1, Exh. 1 ¶ 10).

reason to do so. See NECA Ins. Ltd. v. Nat'l Union Fire Ins. Co., 595 F. Supp. 955 (S.D.N.Y. 1984).

Plaintiff takes the position that the arbitration clause does not prevent one of the parties from seeking declaratory relief to have a court "interpret" the contract prior to either mediation or arbitration. In other words, because Plaintiff has not filed suit to compel enforcement of the contract, he contends that his complaint is not subject to arbitration.

To the contrary, the arbitration clause requires arbitration of "any disputes" regarding the contract. The point of contention between the parties is Defendant's obligations under the Guaranty once the airship is returned. This dispute clearly falls within the broad ambit of the arbitration clause and the specific form of relief chosen by Plaintiff does not help this complaint escape arbitration.

The question now becomes whether the Court should dismiss this matter outright or simply stay it, the Court having discretion to choose one course over the other. If Defendant's mandatory venue argument was more persuasive then outright dismissal would be appropriate but the Court is not persuaded that the Guaranty forecloses court venues other than New York. Defendant also challenges personal jurisdiction in Louisiana but the points that Plaintiff raises in his opposition make it far from clear that Defendant has not subjected itself to suit in

this forum. For these reasons the Court will stay this matter pending arbitration in lieu of dismissing it outright.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by defendant Regent Private Capital, LLC is **GRANTED** insofar as this matter is **STAYED** in favor of arbitration. The Clerk of Court shall mark this action **CLOSED** for statistical purposes. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition. This Order shall not prejudice the rights of the parties to this litigation.

August 9, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE