UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK MCCARDELL | * | CIVIL ACTION |
| | * | NO. 2:12-CV-1136     SECT. A, MAG. 3 |
| VERSUS | | |
| | * | JUDGE JAY C. ZAINEY |
| REGENT PRIVATE CAPITAL, LLC | * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

*   *   *   *   *   *   *   *   *   *   *   *   *

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR ORDER PURSUANT TO FRCP 59(e), or alternatively, FOR NEW TRIAL PURSUANT TO FRCP 59(a)[1]

MAY IT PLEASE THE COURT:

The Court's August 1, 2012 *Order and Reasons* needs no clarification.  The Court correctly held that if plaintiff wished to proceed with a claim against Regent Private Capital,

---

[1] Plaintiff's *Memorandum In Support* (dkt. #20-1) was only five sentences, and did not explain in any detail the basis for his request to amend the *Order and Reasons*.

1

LLC, he must do so in arbitration.  Submission of the dispute to arbitration does not preclude mediation, and there is no need to alter or amend this Court's *Order and Reasons* to say so.

As this Court held, the parties contractually agreed to "submit any disputes regarding this contract to a mutually agreeable arbitrator in New York under the JAMS (Judicial Arbitration and Mediation Services) rules of binding arbitration . . ."[2]

JAMS' Rule 28 provides that "[t]he Parties may agree, at any stage of the Arbitration process, to submit the case to JAMS for mediation."[3]  If plaintiff decides to move forward with a claim by initiating an arbitration proceeding with JAMS, he can always ask for mediation under JAMS' rules.

---

[2] See article 10 of the *Guaranty of Performance of Contract* (Dkt. #1-1):
"**10.** **Arbitration:** The parties further stipulate that if mediation is unsuccessful they will submit any disputes regarding this contract to a mutually agreeable arbitrator in New York under the JAMS (Judicial Arbitration and Mediation Services) rules of binding arbitration and all administrative fees will be borne by each party equally."

[3] JAMS Rule 28, **Settlement and Consent Award**, provides: "(a) The Parties may agree, at any stage of the Arbitration process, to submit the case to JAMS for mediation. The JAMS mediator assigned to the case may not be the Arbitrator or a member of the Appeal Panel . . ."
See:  http://www.jamsadr.com/rules-comprehensive-arbitration/#Rule 28.

By filing suit before demanding mediation or arbitration, plaintiff breached both the "Mediation"[4] and "Arbitration" clauses of the *Guaranty of Performance of Contract* as well as the underlying *Airship Purchase and Sale Agreement*, and waived any right to force mediation. However, as noted above, plaintiff can still ask for mediation as part of the arbitration process under JAMS' rules. This is in keeping with obvious fact that parties can agree to mediate anytime, rules or no rules.

### Conclusion

Plaintiff's motion should be denied.

                Respectfully submitted,

                BIENVENU, FOSTER, RYAN & O'BANNON, LLC

                */s/ John W. Waters, Jr.*
BY: _____
                JOHN W. WATERS, JR. (#13258) – T.A.
                KRISTIN MOSELY JONES (#32208)
                1010 Common Street, Suite 2200

---

[4] The **Mediation** clause of the *Guaranty of Performance of Contract* (Dkt. #1-1) provides:
"**9.     Mediation:** The parties stipulate that prior to any legal action being filed in the New York State or Federal courts, they will submit to a mutually agreed upon mediator any and all disputes regarding enforcement of any provision of this contract. Failure to submit to mediation prior to filing suit will result in the offending party being unable to claim attorney's fees and or costs as prevailing party."

             New Orleans, LA 70112-2455
             (504) 310-1500
             Fax:  (504) 310-1606 / (504) 310-1501
             Jwaters@bfrob.com
             Kmosely@bfrob.com

## **CERTIFICATE**

  I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile transmission, hand delivery, electronic mail and/or depositing same in the United States Mail, postage pre-paid, on September 18, 2012.

             */s/ John W. Waters, Jr.*
            _____